IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § No. 20-cv-711 <br> MICHAEL R. BUCKNER, § <br> § <br> Defendant. § <br> § | |

## ORIGINAL COMPLAINT

### Summary of Action

Plaintiff UBS Financial Services Inc. ("**UBS FS**") brings this action to enjoin Defendant Michael R. Buckner ("**Defendant**") from arbitrating a dispute against UBS FS with the Financial Industry Regulatory Authority ("**FINRA**"). Defendant has no legal right to arbitrate his dispute with UBS FS under Rule 12200 of FINRA's Code of Arbitration Procedure, given that there is no agreement between the parties to submit disputes to arbitration or any customer relationship whatsoever creating a right to arbitrate.

### I.   PARTIES

1. Plaintiff UBS Financial Services Inc. is a Delaware corporation with its principal place of business in Weehawken, New Jersey.

2. Defendant Michael R. Buckner is the claimant in the FINRA arbitration. Upon information and belief, Michael R. Buckner is an individual who resides in Austin, Texas. Buckner may be served at his place of residence at 6209 Ledge Mountain Drive, Austin, TX 78731.

## II.     JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, as UBS FS is a Delaware corporation with its principal place of business in New Jersey, and Defendant is a citizen of the State of Texas.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), as a district within which the Defendant resides.

5.      The Defendant is subject to personal jurisdiction in this Court because he is a domiciliary, resident, and citizen of the State of Texas.

## III.     BACKGROUND FACTS

6.      The allegations set forth in the above paragraphs and the Summary of Action are incorporated herein.

7.      On or about June 1, 2020, Defendant filed a Statement of Claim (the "**SOC**," as amended, a true and correct copy of which is annexed hereto as **Exhibit 1**) with FINRA, naming UBS Financial Services, Inc. as a respondent.

8.      On or about June 2, 2020, FINRA sent a notice to UBS FS, informing UBS FS that it was named in the arbitration captioned *Buckner v. UBS Financial Services, Inc.*, Case No. 20-01303, and that UBS FS was required to file a Statement of Answer with FINRA on or before July 22, 2020. (A true and correct copy of which is annexed hereto as **Exhibit 2**.)

9.      The SOC alleges that Defendant purchased shares of ETRACS Monthly Pay 2x Leveraged Closed-End Fund Series ETN due December 10, 2043 ("**CEFL**"), in the open market through his Morgan Stanley account.

10.     Defendant alleges that UBS FS committed securities fraud and made various misrepresentations regarding the CEFL in the corresponding offering documents.

11.     Defendant further alleges that he suffered losses of $93,450.00, when UBS FS announced a mandatory redemption of the securities on March 19, 2020.

12.     FINRA Rule 12200 requires FINRA members to arbitrate certain disputes with customers when "requested by [a] customer."

13.     FINRA Rule 12200 does not, however, obligate FINRA members to arbitrate disputes with non-customers.

14.     Defendant does not allege in the SOC that he is a "customer" of UBS FS for purposes of FINRA Rule 12200.

15.     Defendant is not a "customer" of UBS FS because, by his own admission, he purchased the securities *through his Morgan Stanley account*—not through any UBS FS account.

16.     Defendant does maintain any brokerage account at UBS FS.

17.     UBS FS has no known contractual agreements whatsoever with Defendant.

18.     There is no agreement, written or otherwise, between Defendant and UBS FS, to arbitrate any dispute between them.

19.     Defendant will suffer no undue harm or prejudice if this Court grants UBS FS's requested relief.

20.     Absent judicial intervention stopping arbitration of Defendant's claims against UBS FS, UBS FS will be imminently harmed.

### IV.     CAUSES OF ACTION

#### Claim I – Declaratory Judgment

21.     UBS FS repeats and realleges the foregoing allegations as if fully set forth herein.

22.     UBS FS has no agreement, written or otherwise, to arbitrate any disputes with Defendant, including the dispute and claims described in the Statement of Claim.

23.     Defendant is not a "customer" of UBS FS under the FINRA Code of Arbitration.

24. Declaratory relief is appropriate because the dispute between UBS FS and Defendant is concrete and imminent.

25. Accordingly, UBS FS respectfully requests that the Court declare that UBS has no obligation to arbitrate Defendant's SOC.

### Claim II – Injunctive Relief

26. UBS FS repeats and realleges the foregoing allegations as if fully set forth herein.

27. UBS FS has no agreement, written or otherwise, to arbitrate any disputes with Defendant, including the dispute and claims described in the Statement of Claim.

28. Defendant is not a "customer" of UBS FS under the FINRA Code of Arbitration.

29. UBS FS will suffer immediate and irreparable harm if it is forced to arbitrate claims that it did not agree to and is not obligated to arbitrate.

30. UBS FS has no adequate remedy at law.

31. The balance of the equities favors enjoining the arbitration.

32. The public interest would be served by enjoining the arbitration.

33. Accordingly, UBS FS respectfully requests that the Court enjoin Defendant from arbitrating any claims, including those in the SOC, with UBS FS.

### PRAYER

WHEREFORE, UBS FS respectfully requests that the Court:

a) Declare that UBS FS has no obligation to arbitrate any claims with Defendant, including those alleged in the SOC;

b) Enjoin Defendant from arbitrating the SOC or any other claims against UBS FS; and

c) Grant any other relief that the Court believes is just and proper.

DATED: July 2, 2020

        Respectfully submitted,

        KATTEN MUCHIN ROSENMAN LLP

        */s/ Aron Cooper*
        Aron Cooper
        State Bar No. 2405143
        aron.cooper@katten.com
        2121 N. Pearl St., Suite 1100
        Dallas, Texas 75201
        214.765.3600 Telephone
        214.765.3602 Facsimile

        **ATTORNEYS FOR PLAINTIFF**
        **UBS FINANCIAL SERVICES INC.**