FILED
2020 AUG 11 PM 2:10
CLERK US DISTRICT COURT
WESTERN DISTRICT TEXAS
BY_____
          DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 20-cv-00711-LY |
| MICHAEL R. BUCKNER, | § § § | |
| Defendant. | § § § | |

## ORDER FOR ENTRY OF PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

Having considered the submissions and oral arguments of Plaintiff UBS Financial Services Inc. ("**UBS FS**" or "**Plaintiff**") and defendant Michael R. Buckner ("**Buckner**" or "**Defendant**") in connection of UBS FS's requests for a temporary restraining order and preliminary injunction, and having also considered Defendant's admissions in the parties' Stipulated Order of Dismissal with Prejudice, the Court renders the following Order granting a permanent injunction and entering a declaratory judgment for the reasons set forth below.

### Findings of Fact

1.      Defendant filed a Statement of Claim against UBS FS before the Financial Industry Regulatory Authority ("**FINRA**") on or about June 1, 2020, in the arbitration entitled, *Michael R. Buckner v. UBS Financial Services, Inc.*, FINRA Case No. 20-01303 (the "**Arbitration**").

2.      Defendant alleged, in his Statement of Claim, that he purchased certain securities through his Morgan Stanley brokerage account. Such securities were issued by UBS AG and underwritten by UBS Securities, LLC.

3.	Plaintiff brought this action to enjoin Defendant from proceeding in the FINRA arbitration and seeking declaratory judgment that Defendant's dispute was not arbitrable under Rule 12200 of FINRA's Code of Arbitration Procedure

4.	After reviewing submissions from both parties and holding two telephonic hearings, this Court entered a temporary restraining order and, later, a preliminary injunction in favor of Plaintiff.

5.	Defendant admits that he does not have any arbitration agreement with UBS Financial Services, Inc., or any affiliates thereof (collectively, "**UBS**") that would govern the matters at issue in Defendant's Arbitration. Defendant further admits that he is not a "customer" of UBS for purposes of this dispute, and thus lacks standing to arbitrate his dispute against UBS under Rule 12200 of FINRA's Code of Arbitration Procedure.

6.	Defendant consents to the entry of a permanent injunction enjoining Defendant from arbitrating the claims he asserted in FINRA Case No. 20-01303 against UBS.

## Conclusions of Law

7.	"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986).

8.	Rule 12200 of FINRA's Code of Arbitration Procedure provides that: "parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:
  (1) Required by a written agreement, or

>    (2) Requested by the customer;
> - The dispute is between a customer and a member or associated person of a member; and
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

9. Defendant admits that he does not have an arbitration agreement with UBS that governs his dispute and is not a customer of UBS for purposes of his dispute against UBS.

10. The Declaratory Judgment Act empowers a federal court "[i]n a case of actual controversy," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "A declaratory judgment is appropriate when it will terminate the controversy giving rise to the proceeding." *El Paso County, Texas v. Trump*, 407 F. Supp. 3d 655, 659 (W.D. Tex. 2019) (internal quotations omitted).

11. In light of Defendant's admissions and the ongoing FINRA Arbitration, declaratory judgment in favor of Plaintiff—*i.e.*, finding that Defendant lacks standing to arbitrate his claims under FINRA Rule 12200—is warranted.

12. "To obtain a permanent injunction, a plaintiff must show: (1) that [it has] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *El Paso County, Texas v. Trump*, 407 F. Supp. 3d 655, 658 (W.D. Tex. 2019).

13. Here, a permanent injunction is warranted for the reasons set forth in my Orders granting Plaintiffs' request for a temporary restraining order [ECF 20, dated July 13, 2020] and preliminary injunction [ECF 22, dated July 29, 2020].

14. Specifically, Plaintiff will "suffer irreparable harm if it is forced to participate in an arbitration where the dispute is not subject to an agreement to arbitrate." *Pershing LLC v. Bevis*, No. 13-672-JJB-RLB, 2014 WL 1818098, at *4 (M.D. La. May 7, 2014). The balance of equities also favors Plaintiff, as he had no right to arbitrate his claims against UBS FS under the FINRA rules. *See, e.g., Bevis*, 2014 WL 1818098, at *5. Lastly, an injunction would serve in the public interest because, "[w]here a party has not agreed to submit a dispute to arbitration, the public has an interest in ensuring that the arbitration does not proceed." *Credit Suisse Secs. (USA) LLC v. Sims*, No. H-13-1260, 2013 WL 5530827, at *4 (S.D. Tex. Oct. 4, 3014) (citing *Raymond James Fin. Servs., Inc. v. Cary*, 709 F.3d 382, 388 (4th Cir. 2013)).

15. As a result of the foregoing, Plaintiff's claims and requests for a permanent injunction and declaratory judgment are granted.

**SIGNED** this _____ day of _____, 2020.

_____
U.S. District Judge Lee Yeakel